Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SAMUEL BENSINGER,

    *Plaintiff*,

v.

NATIONS RECOVERY CENTER, INC.,

    *Defendant*.

Civil Action No. 16-8542

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on Defendant Nations Recovery Center, Inc.'s ("Defendant" or "NRC") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. D.E. 26. Plaintiff Samuel Bensinger ("Plaintiff") filed a brief in opposition, D.E. 31, to which Defendant replied, D.E. 32. The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion for summary judgment is **GRANTED**.[1]

---

[1] Defendant's motion for summary judgment (D.E. 26) is referred to as "Def. Brf." Plaintiff's brief in opposition (D.E. 31) is referred to as "Pl. Opp." Defendant's reply brief (D.E. 32) is referred to as "Def. Rep."

## I. BACKGROUND

Plaintiff is a New Jersey citizen. Complaint ("Compl.") ¶ 2; D.E. 1-1. Defendant is a Georgia corporation primarily engaged in the business of debt collection. *Id.* ¶ 3.

On October 20, 2016, Plaintiff filed his Complaint in the Superior Court of New Jersey, Special Civil Part, Bergen County. *Id.* at 1. The Complaint alleges one count for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *Id.* ¶¶ 15-17. At some point prior to June 2016, Plaintiff incurred a financial debt (the "debt") that was assigned to Defendant for collection. *Id.* ¶ 8. The Complaint's allegations concerning the nature of the debt are stated in conclusory fashion. The Complaint states only that the debt "was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a 'debt' as the term is defined by 15 U.S.C. § 1692a(5)." *Id.* ¶ 9. According to Defendant, the debt resulted in a 2007 judgment being entered against Plaintiff by a Florida court. Def. Brf; Defendant's Statement of Material Facts ¶ 1; D.E. 26-2. The Complaint also alleges that on June 29, 2016, Plaintiff received a collection letter from Defendant. *Id.* ¶ 10. The "deceptive" nature of this collection letter forms the basis of Plaintiff's FDCPA claim. *Id.* ¶¶ 01-14.

On November 15, 2016, Defendant removed the action to federal court, D.E. 1, and then filed an Answer on December 7, 2016, D.E. 3. During fact discovery, the parties served interrogatories on each other. D.E. 26-5. Plaintiff, in relevant part, provided the following answers to Defendant's interrogatories:

### INTERROGATORY NO. 7:

> Identify all materials/documents in your possession that establish or would tend to support the allegations of paragraph 9 of the complaint specifically that "this debt was incurred as a financial obligation that was primarily for personal, family, or household purposes."

### ANSWER

Upon the advice of counsel, Plaintiff objects to this Request to the extent it seeks information already in the possession, custody or control of Defendant."

. . .

### INTERROGATORY NO. 9:

Identify all materials/documents in your possession that establish or would tend to support the allegations of paragraph 8 of the complaint specifically that the debt in question was alleged to be a consumer debt.

### ANSWER

See answer 7.

Def. Brf., Ex. I, Plaintiff's Objections and Answers to Defendant's Interrogatories at 8-9; D.E. 26-5 (emphasis in original). On July 21, 2017, Judge Clark closed discovery and ordered the parties to file any dispositive motions. D.E. 19.

On October 10, 2017, Defendant moved for summary judgment. D.E. 26. In its motion, Defendant first claims that the Complaint fails to establish that Plaintiff is a consumer or that the debt is a consumer debt. Def. Brf. at 8-10. Defendant also argues that its June 29, 2016 collection letter does not violate the FDCPA. *Id.* at 10-16.

Plaintiff opposed the motion. D.E. 31. Plaintiff first argues that the Complaint sufficiently alleges that the debt is a consumer debt. Pl. Opp. at 5; D.E. 31. In his brief, Plaintiff adds that the "alleged underlying debt was originally incurred by [myself] on an HSBC Nevada credit card" for purchases that "were for personal, family and household items." *Id.* Second, Plaintiff contends that Defendant's June 29, 2016 collection letter violated numerous sections of the FDCPA. *Id.* at 6-9. Plaintiff also submitted the collection letter and an affidavit. Pl. Opp.; D.E. 31-2, 31-3. The affidavit certifies that Plaintiff misunderstood the June 29, 2016 collection letter. Pl. Opp.,

3

Affidavit of Samuel Bensinger ("Bensinger Aff."); D.E. 31-3. Defendant filed a reply brief. D.E. 32.

## II.    **LEGAL STANDARD**

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify

specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

### III. LAW AND ANALYSIS

#### A. FDCPA

The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692a. To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she [or he] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction *are primarily for personal, family, or household purposes,*

*whether or not such obligation has been reduced to judgment.*" 15 U.S.C.A. § 1692a(5) (emphasis added). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Creditors -- as opposed to 'debt collectors' -- generally are not subject to the FDCPA." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). "The statute does not apply to persons or businesses collecting debts on their own behalf," *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980), "[b]ecause creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill," *Pollice*, 225 F.3d at 403. Instead, "[the FDCPA] is directed to those persons who are engaged in business for the principal purpose of collecting debts." *Id.*

"As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs.*, Inc., 98 F.3d 131, 136 (4th Cir. 1996)).

The Third Circuit has reasoned that the FDCPA's purpose of protecting consumers "is best served by a definition of 'deceive' that looks to the tendency of language to mislead the least

sophisticated recipients of a debt collector's [communications]." *Id.* (alteration in original). Thus, a debt collector "is responsible for its [communication's] content and for what the least sophisticated debtor would have understood from it." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014) (alteration in original). A communication will be found deceptive if, under the least sophisticated debtor standard, the communication "can be reasonably read to have two different meanings, one of which is inaccurate." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 420 (3d Cir. 2015).

Here, the parties dispute whether Plaintiff is a consumer, whether Defendant was attempting to collect a "debt" as the FDCPA defines it, and whether Defendant violated a provision of the FDCPA in attempting to collect the debt allegedly owed to the NRC.

### B. Legal Analysis

Defendant argues that Plaintiff has failed to provide any proper evidence as to a required element of a FDCPA claim, specifically that the debt at issue is a consumer debt as defined by the statute. Def. Brf. 8-10, Def. Rep. at 3; D.E. 32. In response, Plaintiff claims that he "pleads such in his Complaint." Pl. Opp. at 5. Moreover, in his opposition brief, Plaintiff adds that the debt came from consumer purchases he made using a HSBC Bank Nevada credit card. *Id.*[2]

The Court finds that no genuine issue of material fact exists as to whether the debt is a consumer debt. There is *no* proper evidence before the Court reflecting that the underlying obligation arose from a transaction "primarily for personal, family, or household purposes." As the Supreme Court has observed:

---

[2] Defendant in its Statement of Material Facts states that the underlying debt at issue comes from an entry of default judgment from a county court in Florida. The parties do not discuss the background facts of this lawsuit in their pleadings. Def. Brf.; Defendant's Statement of Material Facts ¶ 1; D.E. 26-2.

7

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. Plaintiff did not "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 323.

In the Complaint, Plaintiff merely parrots the statutory language to allege that the debt is a consumer debt. In doing so, Plaintiff asserted a legal conclusion in lieu of specific facts. Such an assertion is insufficient even at the motion to dismiss stage. *Sanon-Lauredant v. LTD Fin. Servs., L.P.*, No. 15-6529, 2016 WL 3457010, at *1 (D.N.J. June 22, 2016). Moreover, Plaintiff cannot rely on his Complaint's factual allegations, even if they are otherwise sufficient to defeat a motion to dismiss, to overcome a motion for summary judgment. *Celotex Corp.*, 477 U.S. at 323.; *see also id.* at 324 ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except the mere pleadings themselves*") (emphasis added).[3]

Plaintiff also does not put forward any other proper evidence to create a genuine issue of material fact. In its interrogatory, Defendant asked Plaintiff to state the evidence supporting the Complaint's allegation that the debt was a consumer debt within the meaning of the FDCPA. Plaintiff refused to do. Instead, Plaintiff objected, claiming that Defendant already had the

---

[3] Defendant could rely on Plaintiff's Complaint if the pleading contained assertions that would preclude summary judgment against Defendant, but Plaintiff cannot point to his own Complaint to create a genuine issue of material fact.

8

information it sought. The interrogatory answers designated no specific facts to create a genuine issue for trial. Plaintiff also attached his affidavit to the opposition brief, but the affidavit made no mention of the underlying nature of the debt. Finally, in his opposition brief, Plaintiff's counsel indicates that the debt resulted from credit card charges for "personal, family and household items." Pl. Opp. at 5. This information is insufficient for two reasons. First, the opposition brief again merely parrots the statutory language. Second, and more, importantly, counsel's statements in a brief are insufficient to create a genuine issue of material fact. Counsel has no personal knowledge of the underlying debt and counsel is not a witness in this case. Plaintiff's counsel's assertions in a brief do not meet the requirements of Rule 56(c) as to the type of information that the Court can consider in deciding a summary judgment motion.

Thus, no material issues of fact remain in dispute regarding whether the debt was a consumer debt within the meaning of the FDCPA. Plaintiff has not provided proper materials from the record to challenge Defendant's motion. The Court, therefore, finds summary judgment appropriate. Because the Court grants Defendant's motion on this basis, it does not reach the parties' other arguments.

## V. CONCLUSION

For the foregoing reason, Defendant's motion for summary judgment (D.E. 26) is **GRANTED**. An appropriate Order accompanies this opinion.

Dated: May 10, 2018

_____
John Michael Vazquez, U.S.D.J.